UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00198-RLY-MJD |
| | ) | |
| INDIANA UNIVERSITY - BLOOMINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYMS**

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonyms. [Dkt. 3.] For the reasons set forth below, the motion is **DENIED.**

### I.  Background

The following facts are taken from Plaintiffs' Complaint.

Plaintiff John Doe is a former Indiana University ("the University") student who was charged by Indiana University Police Department ("IUPD") with strangulation and robbery after an altercation with two other students. [Dkt. 1 at 2.] The two other students removed $50 from John Doe's person and, following a verbal disagreement, the two students called IUPD alleging that John Doe physically attacked them, grabbing one of them around the neck. *Id*. Following John Doe's arrest, his sister, Plaintiff Jane Doe was also arrested and charged with theft and possession of a legend drug. *Id*.

John Doe was suspended from the University for one year due to the robbery and strangulation charges, even though the charges against both Plaintiffs were later dismissed by the Monroe County Prosecutor's Office. *Id*. at 3. The video surveillance footage of the altercation

was not made available to John Doe during his hearing with the University, even though the University had possession of it. John Doe alleges that he was denied due process of law as well as a presumption of innocence. *Id*. John Doe also alleges that his suspension was arbitrary and capricious, as there were no written rules that indicated that the dismissal of charges had no impact on a suspension term. *Id*. at 4.

John Doe was readmitted to the University on March 10, 2023, but was denied readmission to the Kelley School of Business's 3/2 MBA Program that he was taking part in prior to his suspension. *Id*. John Doe alleges that the rules regarding suspension provide for readmission at the end of suspension, not partial readmission to complete only undergraduate coursework. *Id.* John Doe alleges that the University violated its own policies when it only readmitted him to complete the undergraduate program and that the partial readmission was arbitrary and in further violation of Plaintiff's due process rights. *Id*.

On January 29, 2024, Plaintiffs filed their Complaint as John and Jane Doe, alleging that Defendants violated their Fourteenth Amendment due process rights. [Dkt. 1.] Plaintiffs contemporaneously filed a sealed Notice of Intention to Seek Leave to Proceed Under Pseudonym, [Dkt. 2], and the instant Motion to Proceed Under a Pseudonym, [Dkt. 3].

## II.  Applicable Standards

The "presumption in favor of open proceedings where the parties are identified" is both powerful and longstanding. *Doe v. Indiana Black Expo*, 923 F. Supp. 137, 139 (S.D. Ind. 1996); *see* Fed. R. Civ. P. 10 (requiring the caption of a complaint to "name all the parties"); *see also* Fed. R. Civ. P. 17 (requiring that all civil actions "be prosecuted in the name of the real party in interest"). As a result, "[t]he use of fictitious names is disfavored." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). The "unusual practice" of allowing a party to

litigate under a pseudonym may be appropriate, however, "in exceptional cases where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Indiana Black Expo*, 923 F. Supp. at 139 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

"The decision whether to allow a party to proceed pseudonymously is within the discretion of the court." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). The court therefore "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Blue Cross & Blue Shield United*, 112 F.3d at 872. To be sure, there is no "mechanical legal test" that dictates when a party may proceed anonymously, and courts "should carefully review all the circumstances of the given case." *Indiana Black Expo*, 923 F. Supp. at 140. When deciding whether to grant anonymity, courts consider a number of factors, including, but not limited to:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. City of Indianapolis, Ind.*, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (quoting *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)); *see also Indiana Black Expo*, 923 F. Supp. at 140 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). Importantly, this list of factors is non-exhaustive. Anonymity may also be granted where the plaintiff is a minor, a victim of rape or torture, or otherwise "a likely target of retaliation by people who would learn [his] identity only from a judicial opinion or other court filing." *Doe v. City of*

*Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Although courts will consider a variety of factors, it is the movant who ultimately "bears the burden of proof to show that some combination of these factors outweighs the ordinary presumption of judicial openness, justifying the exercise of the Court's discretion." *Doe v. Cook County, Illinois,* 542 F. Supp. 3d 779, 785 (N.D. Ill. 2021).

### III.  Discussion

Plaintiffs ask to proceed under pseudonyms because they "reasonably fear further harm from the disclosure of their identities" as their "wrongful arrests and subsequent disciplinary proceedings are likely to harm their career prospects." [Dkt. 3 at 1-2.] Defendants object, arguing that this case does not present such "exceptional circumstances" that justify anonymity. [Dkt. 31 at 3.]

To determine whether Plaintiffs' case constitutes an exceptional circumstance in which pseudonym treatment is warranted, the Court will consider each of the relevant factors, in turn, below.

### A.  Whether Plaintiffs are Challenging Governmental Activity or An Individual's Actions

First, the Court will consider whether Plaintiffs are "challenging governmental activity or an individual's actions." *New York Blood Center*, 213 F.R.D. at 111. Generally, "where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong," in part because "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* However, "[t]he public has a strong interest in knowing the accusations against its tax-funded entities as well as the identities of the individuals making those accusations." *Cook County, Illinois*, 542 F. Supp. 3d at 790.

Plaintiffs bring their Complaint against the University, a public educational institution, and its Trustees. [Dkt. 1 at 5.] In addition, Plaintiffs bring their complaint against Indiana University Police Department. *Id*. These Defendants are undisputedly governmental actors, which weighs in Plaintiffs' favor under this first factor. However, as Defendants underscore, Plaintiffs also name as Defendants "the Associate Dean of Students and Director of the Office of Student Conduct" Libby Spotts, "the Executive Director of Graduate Accounting Programs" Gretchen Handlos, and two IUPD officers, Wyatt Chaudion and Charlotte Watts. [Dkt. 1 at 5-6.]

Therefore, Plaintiffs' Complaint "cannot be read as solely contesting the University's disciplinary process itself but must be read as also challenging the specific actions of the persons involved in that process." *Doe v. Virginia Polytechnic Institute & State University*, 2018 WL 5929645, at *3 (W.D. Va. Nov. 13, 2018); *see Doe v. City Univ. of New York*, 2021 WL 5644642 at *4 (S.D.N.Y. Dec. 1, 2021). (stating that "this factor does not weigh in favor of allowing plaintiffs to proceed anonymously" because the plaintiffs brought suit against both a governmental body and individual defendants in their official and personal capacities). Because Plaintiffs' claims directly accuse University and IUPD employees of misconduct in their individual capacities, Defendants Spotts, Hanndlos, Chaudion, and Watts, each have a significant interest in protecting their reputation from damaging allegations, more so than if Plaintiffs were solely challenging governmental activity. "Basic fairness requires that where a plaintiff makes such accusations publicly, he should stand behind those accusations, and the defendants should be able to defend themselves publicly." *Indiana Black Expo*, 923 F. Supp. at 141-42. This requires Plaintiffs to litigate under their real names.

Accordingly, because Plaintiffs are suing not just governmental entities, but individual actors in their individual capacities, the first factor weighs against Plaintiffs' request for pseudonymity.

**B. Whether Plaintiffs' Actions Require Disclosure of Information of the Utmost Intimacy**

Second, the Court will consider whether Plaintiffs' "action requires disclosure of information of the utmost intimacy." *New York Blood Center*, 213 F.R.D. at 111. "[T]he types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families," *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004), as well as allegations concerning sexual relationships and sexual assault, *Doe v. Purdue Univ.*, 321 F.R.D. 339, 342 (N.D. Ind. 2017), and religious beliefs, *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

Here, none of these types of intimate information is involved. Plaintiffs merely argue that they would be prejudiced by the public knowing their identities.

> No doubt lots of parties would prefer to keep their disputes private. For example, a plaintiff alleging he was discriminated against by his employer when his employment was terminated will have to disclose the employer's reason for terminating the plaintiff's employment—a reason that the plaintiff disputes is the real reason and which is often embarrassing or even damaging to his or her reputation. But there is no suggestion that such a plaintiff may proceed under a pseudonym to protect his or her reputation.

*Doe v. Milwaukee County*, No. 18-cv-503, 2018 WL 3458985, at *1 (E.D. Wis. July 18, 2018). Moreover, "should a need for confidentiality arise in this case, there are alternative methods to protect the confidentiality of the plaintiff's information," such as redacting sensitive information or seeking a protective order. *City Univ. of New York*, 2021 WL 5644642 at *6.

Accordingly, because Plaintiffs have not established that his action would require them to reveal information of the utmost intimacy, the second factor weighs against a grant of pseudonymity.

### C. Whether Plaintiffs' Identification Would Put Them at Risk of Suffering Physical or Mental Injury

Third, the Court must consider whether Plaintiffs' "identification would put the plaintiff at risk of suffering physical or mental injury." *New York Blood Center*, 213 F.R.D. at 111. "In this regard, to justify the exceptional relief of proceeding anonymously, plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of [his] identity." *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021).

Here, Plaintiffs argue that affiliating John Doe's name with a strangulation charge will harm his mental state and future career and education prospects. [Dkt. 3 at 6.] In addition, Plaintiffs argue that Jane Doe was wrongly arrested, and because her chosen career path relates to the pharmaceutical industry, drug-related charges connected with her name would cause significant harm to her chosen career and wellbeing. *Id*. Plaintiffs argue that if they are not granted anonymity, they will suffer reputational harm which could impede further on their employment opportunities, causing "great mental distress and trauma." *Id*. However, Plaintiffs have not "established with sufficient specificity the incremental injury that would result from disclosure of [their] identit[ies]." *Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021). Plaintiffs have failed to show any harm that *will* occur, only harm that *could* occur.

Therefore, Plaintiffs have not met their burden of showing any incremental injury that would result from the disclosure of their identity. Accordingly, the third factor weighs against a grant of pseudonymity.

### D. Whether Defendants Would be Prejudiced by Allowing Plaintiffs to Proceed Anonymously

Fourth, the Court will consider whether Defendants "would be prejudiced by allowing the plaintiff[s] to proceed anonymously." *New York Blood Center*, 213 F.R.D. at 111. Under this factor, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as the fundamental fairness of proceeding in this manner." *Id.* at 112.

Plaintiffs argue that, because Defendants are already aware of Plaintiffs' true identities, they will not be prejudiced in any way by the use of a pseudonym. [Dkt. 3 at 5.] However, that is not necessarily true. As Defendants argue, they will be prejudiced at all phases of the litigation if Plaintiffs are allowed to proceed under a pseudonym. [Dkt. 31 at 4.] Further, Plaintiffs have publicly accused the individual Defendants by specifically naming them in their Complaint and suing them in both their official and individual capacities. "If [P]laintiff[s] were permitted to prosecute this case anonymously, [Defendants] would be placed at a serious disadvantage, for [they] would be required to defend [themselves] publicly while [P]laintiff[s] could make [their] own accusations from behind a cloak of anonymity." *Shakur*, 164 F.R.D. at 361.

Accordingly, because Defendants may be prejudiced by Plaintiffs' anonymity, the fourth factor weights against a grant of pseudonymity.

### E. The Public Interest in Guaranteeing Open Access to Proceedings

Fifth, the Court will consider "the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *New York Blood Center*, 213 F.R.D. at 111. "Indeed, 'lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties.'" *Shakur*, 164 F.R.D. at 361 (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)).

Plaintiffs argue that "allowing Plaintiff[s] to proceed anonymously will not harm the public interest in guaranteeing open access to these proceedings." [Dkt. 3 at 5.] Critically, though, the disclosure of a plaintiff's identity is the standard to which the public is entitled; pseudonymity is only appropriate in "exceptional circumstances." *Blue Cross & Blue Shield United*, 112 F.3d at 872. As such, the public's interest in the longstanding notion of openness of federal proceedings would be hampered by allowing Plaintiffs to use a fictitious name—especially here, where Plaintiffs have failed to establish how this case is an exceptional circumstance.

Accordingly, because the public is entitled to openness in judicial proceedings, the fifth factor weighs against a grant of pseudonymity.

### F. Whether Plaintiffs' Identity Has Been Kept Confidential Thus Far

Finally, the Court will consider whether Plaintiffs' "identity has thus far been kept confidential." *Purdue Univ.*, 321 F.R.D. at 341. Plaintiffs state that they have "expended money and effort in order to avoid reputational harm that could be incurred as a result of these proceedings." [Dkt. 3 at 6.] Plaintiffs argue that because they have taken great efforts thus far to protect their identities, their names should remain confidential. Defendants do not attempt to show how Plaintiffs' identity has not been kept confidential.

Accordingly, because Plaintiffs' identity has been kept confidential thus far, the sixth factor weighs in favor of a grant of pseudonymity.

### G. Weighing of Relevant Factors

The majority of these factors weigh against a grant of pseudonymity. In sum, Plaintiffs have not established "a privacy right so substantial as to outweigh the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Indiana Black*

*Expo*, 923 F. Supp. at 139 (quoting *Frank*, 951 F.2d at 323). Plaintiffs, as the movants, have failed to meet their burden of "show[ing] that some combination of these factors outweighs the ordinary presumption of judicial openness, justifying the exercise of the Court's discretion." *Cook County, Illinois*, 542 F. Supp. 3d at 785. As a result, this case does not present the type of "exceptional circumstances" which warrant permitting Plaintiffs to proceed under pseudonyms. *Blue Cross & Blue Shield United*, 112 F.3d at 872. Plaintiffs "must step into the light and sue in the open, or not at all." *In re Boeing 737 Max Pilots Litig.*, 2020 WL 247404, at *4.

### IV.  Conclusion

For the reasons set forth above, Plaintiffs' Motion to Proceed Under a Pseudonym, [Dkt. 3], is **DENIED**. Plaintiffs shall file an Amended Complaint that uses their names **on or before March 20, 2024**. Defendants need not respond to Plaintiffs' original Complaint; rather, they shall respond to the Amended Complaint **on or before April 3, 2024**.

SO ORDERED.

Dated:  11 MAR 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.