UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW PETTEY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 1:24-cv-00198-RLY-MJD |
| LIBBY SPOTTS, et al., | ) ) |
| Defendants. | ) ) ) ) ) |

**MINUTE ENTRY FOR NOVEMBER 27, 2024**
**TELEPHONIC HEARING**
**HON. MARK J. DINSMORE, MAGISTRATE JUDGE**

The parties appeared by counsel for a telephonic hearing on Plaintiffs' Motion for Extension of Case Management Plan Deadlines. [Dkt. 76.] For the reasons set forth in more detail on the record of the hearing, the motion is **DENIED**. However, in light of the pendency of Defendants' motion to dismiss [Dkt. 44], and the fact that Defendants have not yet filed an Answer, the Court *sua sponte* hereby amends the approved Case Management Plan [Dkt. 51] as follows:

### III. Pretrial Pleadings and Disclosures

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **May 2, 2025**. Defendant(s) shall

disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **June 4, 2025**.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **September 2, 2025**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 6, 2025**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number**,[1] each specific document that may be offered at the trial of this matter. No individual not identified by name in the final witness list may testify at the trial of this matter. No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

**IV. Discovery and Dispositive Motions**

B. On or before **March 21, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

C. Dispositive motions are expected and shall be filed by **April 11, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **March 14, 2025**; all remaining discovery shall be completed by **August 15, 2025**.

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced. Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced again.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

**VI. Trial Date**

This matter will be ready for trial in or after **January, 2026**. The trial is by **jury** and is anticipated to take **3-4 days**.

All other requirements of the approved Case Management Plan [Dkt. 51] remain in effect.

Dated: 27 NOV 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.